Number 151786, Luis Adrian Cortes-Ramos v. Sony Corporation of America, et al. Mr. Rodriguez, good morning.  Good morning. I would like to ask the court for five minutes for rebuttal. You may. Your Honor, this is a case of a gentleman who got involved in a competition, a contest for a song. Basically, when he entered the contest, he didn't sign any documents about the contest laws or rules. And later on, he was chosen as a finalist in the list of 20 finalists. He received an email from Sony Brazil requesting him to sign two affidavits. And in the agreement on the contest rules, including arbitration clause, the rules and the arbitration clause were not sent to him. In the email were only the two affidavits. He was required to sign them within 24 hours or he would be dismissed from the contest. He is on exhibit number 2, page 73, a copy of the email that he received from Sony Brazil where they established that he had to sign both attached documents. The affidavit that he signed, didn't he say that he had to comply with the official rules of the contest? Yes, Your Honor. And were they attached? No, they were not. From the face of the email, they state that they only sent two attached documents. Even though the email says that the contest rules was included in the affidavit, he never received it. And he was required to sign both documents within 24 hours. If not, he would be dismissed from the contest. So what rules did he say he was under? To be honest, Your Honor, he did not read the rules because he didn't receive it. Wait a minute, didn't the affidavit refer to official rules? Yes, Your Honor, that were included in the email. But no rules were included in the email. Well, what rules did he think he was under? Well, the rules of the competitions that were publicly posted about that he has to own the song, that he has to actually not be a professional, that copyrights were not claimed on that song, and that he was not represented by a professional entity that will claim ownership of the song. So are you saying the official contest rules are different from the published contest rules? On that one, Your Honor, because we did not, were allowed to do any discovery. But paragraph 30 of your complaint indicates that your client was aware of the published contest rules. Yes, Your Honor. What was published on the website. We tried to access the website. There's no website any longer. And if I explain, I know that you are aware of. Anytime you get into any website about contest, they publish in the front page of the rules, of any contract, the basic rules. Sometimes they have hyperlinks that say if you want to see X or M or L appendix, you have to actually push that button and open that, guide you to those specific rules. But is there any allegation here that the published contest rules that your client was aware of did not include by link reference or otherwise the official rules that we have before us based on the affidavit, which has the arbitration clause? He did not have a copy, but for his recall of what he signed, that he was not the owner of the song, that he has to make a song, that he has to be not a professional. I'm not talking about what he had to sign. I'm talking about in paragraph 30 of the complaint, there's a reference to the published contest rules that apparently your client was aware of. My question is, are those different than the official rules that contain the arbitration clause? We don't know that now. Because we were not allowed to get into those rules. Actually, we got the rules when Sony filed their motion to dismiss. And we presume... I think five minutes are up. Yes, Your Honor. Thank you. We have five more minutes later. Mr. McCrory, good morning. Good morning, Your Honor. May it please the Court. David Rose of Prior Cashman on behalf of the Applebee's, the Sony defendants. Our position here clearly is that the district court properly dismissed the complaint in this action with prejudice owing to first the mandatory arbitration provision in the contest rules to which Mr. Cortez-Ramos assented when he submitted his entry to the contest and which he affirmed in an email to Sony in January of 2014 and which rules he acknowledged and which were incorporated into the affidavit he signed and also a release that he signed all pertaining to his entry into this contest. And secondly, the dismissal was proper owing to the lack of any substantive basis. Let me ask you about that because that confuses me. You went to the court and pointed out that there was an arbitration agreement between the parties and you asked for it to be enforced and the court agreed with you. That, therefore, means that an arbitrator is to resolve all issues having to do with the substance of the claims. That's what you're... On what basis did the district court then have to proceed forward and pretend there was no arbitration and decide the substance of the claims? And are you waiving the arbitration clause now by asking us to direct our attention to the substance of the claim as an alternative ground? I'll answer your final question first. No, we're not waiving it, Your Honor. So you want the arbitrator to decide the substance of this case? Well, this goes back to your first question. It is removing the alternative because we wanted to point out to the court that there was this mandatory arbitration provision but because of some of the claims that were being raised by the plaintiff, we also moved under Rule 12b-6 and also 12b-2 and 12b-3 because there were independent bases outside the scope of the arbitration. But weren't you saying that we think this all has to be arbitrated? But if you disagree with us, Your Honor, we win anyhow on the merits. Correct. Correct. Since the court agreed with you that it all should be arbitrated, isn't that a full stop at that point? Shouldn't it now go off to the arbitrator to decide the merits? I would argue that it doesn't have to be because fundamentally there's no merit to any of the claims. Well, if you want us to look at the merits, then aren't you going to have to take the risk that it might come out the other way? You can't ask us to go ahead and consider the merits adjudication by the district court. But if when we do that, we decide the district court was wrong, then pretend we didn't do it and go back to the arbitration clause. I think you're going to have to take what you get if you want us to look at the merits too. I understand what Your Honor is asking. And I would posit that what we're asking this court to do is exactly what we ask the district court to do because Mr. Rodriguez and his client are ostensibly appealing from the entire judgment below. And so if this court determines that the district court was somehow incorrect as it relates to the arbitration provision, then alternatively it could find that it was nevertheless correct with regard to the substantive analysis in which it engaged independently of any arbitration provision. If I understand, that means if we agree with you on the arbitration clause, the proper disposition of the case is dismissed without prejudice. It doesn't mean the district court erred in doing it with prejudice, but it would mean our disposition that should follow if we agree with you on the arbitration is to dismiss without prejudice. I don't think that it has to be dismissed without prejudice. How could it be otherwise if all we root for you on is on the arbitration issue? I would point the court to the Supreme Court's decision in Gleantree Financial v. Randolph, in which case the respondent in that case had, would have been the defendant below, the defendant moved to compel arbitration in the alternative stay or in the alternative dismiss. And what the district court did, the 11th Circuit affirmed, and what the Supreme Court ultimately affirmed was the dismissal of the arbitrable claims with prejudice. So there's prejudice on the issue of arbitration, arbitrability, but not with prejudice on the merits of the claim. Otherwise it would be nothing for the arbitrator to decide. I can see that point, Your Honor. But I think here, and I don't want to get too far into what the arbitrator would have to decide, but I don't want to fight the hypothetical in your question. So I do believe that this court could properly assess both the arbitration provision and the substantive merits of the claim. If it has to go one way or the other, obviously we would prefer that this be in arbitration because we believe that the contest rules are very clear that we have all rights in the submission in all respects and we could very quickly obtain a dismissal before the arbitrator. However, pursuing a policy of disposition of cases, this is not a case that really should go forward in any respect. Just so I understand one last term, forget the semantics of it. Do you agree that we can't render a decision on the merits of the claims that binds the arbitrator? If it's arbitrable. I would have to concede that point. Okay. Ultimately though, and I'll conclude here unless the court has any further questions, this is a case that is clearly disposed of, certainly before a federal judiciary. The mandatory arbitration provision binds the plaintiff, but more than that, based upon an independent analysis, divorced from the arbitration provision, the district court found no merit whatsoever as a matter of law regardless of form. In your view, did the plaintiff appeal the decision that all of this is subject to arbitration? I can't tell from their brief whether they've actually appealed that issue. I would join in that in the sense of there are basically three issues that they brought up. The two procedural points as to whether it was appropriate for the court to rule prior to the submission of a surreply. Secondly, whether or with prejudice dismissal was appropriate. The third goes to the substantive basis for dismissal under 12B6 standard and some others as well. I don't believe that there was any appeal from the arbitrability ruling. But again, I'm going to conclude here and just note that if the court is concerned about perhaps the precedent of the Thompson case, where there was a statement as to how far a court could go in assessing the aspects of the case beyond arbitrability, there I would just argue that while the court there said it was constrained to look purely at whether the claims were arbitrable, there the court was not assessing on an independent basis any issue outside the scope of the agreement that allowed for arbitration. And here we have a completely independent fundamental analysis under 12B6 by the district court that says these claims have no basis in law regardless of form. Thank you very much. Thank you. Mr. Rodriguez? I would address two issues about the 1880s. Before you do that, could you just address the waiver point? I didn't see in your brief where you're appealing the ruling that all of these claims were subject to arbitrability given the breadth of the arbitration clause. Basically, when we filed our response, we claimed that it was, we claimed for, that's the number. No, but I'm saying in your brief, you raised the certify issue. That doesn't challenge the arbitrability ruling. You challenged the decision of whether it should be dismissed or not. That doesn't challenge it. And you challenged the 12B6 ruling. Yes, sir. But where is the challenge to the threshold judgment by the district court that because of the touch and concern language and the arbitrability clause, all of this is subject to arbitration, including the fraud claims and the abusement claims? If I may, Your Honor? No, Your Honor, we don't. Well, then how can you have a winning appeal? Because one of the grounds you lost on was that none of this should be here because it's all subject to arbitration and you're not challenging that ruling. Your Honor, in the process, we did not have the time to file our sole reply. We should address that in that position. The court, the district court, allowed us to have a sole reply. Actually, before that, it was defendants were allowed to file a reply. And the judge rendered a decision before we filed our sole reply. So we basically aimed toward the decision of the court. First, on the fact that they dismissed the case based on the arbitration clause. We didn't have the opportunity to file our sole reply. If we were allowed to file our sole reply. But you have to on appeal challenge that. I mean, you challenged the sole reply point, so that's fine. But the additional point, and that may still be live, but before you get to any other challenge, there is an underlying ruling against you saying that all of this is subject to arbitration and nothing in your brief addresses that. Because we were aiming toward the decision of the Penal Order that didn't allow us time to file a sole reply. That was the issue, basically. And we emphasize those two errors on the two different points. Our attorneys should be sent back to the district court to address that issue, to let us file our sole reply. Even though in our reconsideration, we tried to put some, but we are bound by the district court rules that in a reconsideration, you cannot have the speeches that are not included in the opinion on order. And that's because of the timing, because the opinion on order came real quick that we have some limited time to file our sole reply and reconsideration, I should say. Not sole reply, reconsideration. And the reasons for asking the court for extension of time was because I was on active duty service. So my client was not able to have that opportunity to have an attorney to do it. So basically, that was our major concern, that issue about that we were not allowed to file our sole reply. But in terms of what the counsel for Sony explained, in the two affidavits, if you take a look at those two affidavits that he signs, there's nothing in those documents that establish anything about arbitration cost. The two affidavits that he signs, there's nothing in those two affidavits. One is two pages long, three pages long. The other one is two pages long, and it doesn't have any single item of arbitration. Those rules, he understood that that was basically what he was signing when he got into the contest. Actually, the only possible reason behind him having to sign those two documents, and that can be inferred, that he did not actually sign the contract when he got into the, or he didn't agree on the rules of the contest when he did it at the beginning. Because there's no reason why they require him to file those two affidavits if they were already signed at the beginning of the contest. We are before a motion to dismiss at the district court, so that brings us to the issue that we were not allowed to do any discovery at all. In terms of the arbitration clause, the Supreme Court has been established in the Federal Arbitration Act to establish that there is a problem with the arbitration clause that has to be ruled by the district court before the rest of the document. So our plea is to send the case to the district court, for the district court to let us find a way to reply to the issue of the arbitration clause, and there's no damage to the defendant if the court rules into the arbitration clause. That's another error. I agree with that, completely agree with that, with the judge that says that, either if it was, it has to be under the arbitration clause, the judge, the district court didn't have any jurisdiction. So it's either the judge to decide it, or the arbitrator. But on a motion to dismiss, without doing any discoveries, without doing any discovery process or anything, there's no way we can defend, especially if we are a competitor against five of the major publishing corporations. Thank you, counsel.